IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA
and GREGORY CHABOT,

    Plaintiff,                                          Case No. 6:06-CV-1528-19UAM

v.

MLU SERVICES, INC.,

    Defendant.
_____/

### MLU SERVICES, INC.'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND MEMORANDUM OF LAW IN SUPPORT

MLU Services, Inc. ("MLU"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ P. 12(f), respectfully moves the Court to enter an Order dismissing the Complaint (Dkt. No. 1), *with prejudice*, for failure to state a claim upon which relief may be granted or alternatively, to strike paragraphs 14-26 of the Complaint. In support of this motion, MLU respectfully refers the Court to the following Memorandum of Law.

### MEMORANDUM OF LAW

**I.    RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY**[1]

Gregory Chabot ("Chabot" or "Plaintiff") filed his complaint in this matter under seal on October 2, 2006. (Dkt. No. 1). The Court entered an Order unsealing the

---

[1] Solely for the purpose of this motion, MLU accepts Plaintiff's allegations as true. *See Miree v. DeKalb County*, 433 U.S. 25, 27 n.2 (1977).

complaint on August 24, 2007. (Dkt. No. 2). MLU was served with the complaint on December 5, 2007. The one-count complaint alleges violations of 31 U.S.C. § 3729 *et seq.* of the False Claims Act. (Dkt. No. 1 at p. 9-10).

Specifically, Chabot alleges that after the hurricanes in Florida in 2004, FEMA contracted with various companies, including MLU, to install manufactured or mobile homes for affected residents. (Compl. ¶¶ 7-9, 28). Chabot alleges that in order to lawfully install manufactured/mobile homes in Florida, a company must be licensed under 15C-2.0073(1) of the Florida Administrative Code. (Compl. ¶ 11). Moreover, Chabot alleges that § 320.8249, *Fla. Stat.*, prohibits someone from various activities related to being a mobile home installer without being duly licensed as such. (Compl. ¶ 12). With regard to MLU, Chabot alleges that MLU "held itself out as a licensed mobile home installer, impersonated a licensed mobile home installer and engaged in the business by acting in the capacity of a licensed mobile home installer without being duly licensed in violation of" § 320.8249, *Fla. Stat.* (Compl. ¶ 28). As such, Chabot alleges that MLU made, used, or caused to be used "false certifications claiming that it was duly licensed to install manufactured housing and therefore eligible to present claims to the FEMA disaster relief office in Orlando for such installation . . . ." (Compl. ¶ 30). Accordingly, Chabot demands judgment for treble damages, penalties for the seven alleged false claims and attorneys' fees, and costs against MLU. (Compl. at p. 11).

## II.    STANDARD FOR DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)

The Court may dismiss the lawsuit "on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). *See also* Fed. R. Civ. P. 12(b)(6). The

Supreme Court has observed that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Complaint is deficient in alleging facts demonstrating that MLU violated 31 U.S.C. § 3729(1) or (2).  Accordingly, the Court should dismiss the Complaint, with prejudice.

**III.   ARGUMENT**

    **A.   The Complaint Should Be Dismissed For Failure To State A Cause Of Action Because Chabot Failed To Attach Documents Integral To The Complaint.**

Despite alleging that MLU submitted "claims pursuant to the RFQ's for the installation of manufactured homes," (Compl. ¶ 28), and despite alleging that MLU made "false certifications claiming that it was duly licensed to install manufactured housing and therefore eligible to present claims to the FEMA disaster relief office in Orlando for such installation" on specified dates contained in the Complaint, (Compl. ¶ 30), Chabot fails to attach the alleged false claims and certifications, or even the contract that MLU had with FEMA, all of which is referred to in the Complaint and integral to the false claims action, even though these documents were readily available to Chabot (and his counsel) under the Freedom of Information Act.  *See* 5 U.S.C. § 552 *et seq.*  Additionally, Chabot failed to attach the Request for Quotation Packages ("RFQ") to which he refers in the Complaint and with which he alleges that MLU failed to comply.  The allegations in the Complaint are based on these critical documents, and this cause of action should be

dismissed for failure to state a cause of action due to Plaintiff's failure to attach them or sufficiently plead them in the complaint.

> **B.  Alternatively, The Complaint Should Be Dismissed For Failure To State A Cause Of Action Because MLU Did Not Supply Manufactured or Mobile Homes Without A Valid License.**

MLU attaches a copy, as Exhibit A to this Motion, of the only contract that it had with FEMA during the time period alleged in the Complaint. The attachment of this contact does not convert this motion to one for summary judgment:

> [T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment.

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (internal citations omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that "when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure"); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (holding that "[d]ocuments that a defendant

4

attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"); *Discover Group, Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 83 (E.D.N.Y. 2004) (holding that "[w]hen a document is integral to the complaint, a plaintiff is on notice that it might be considered by the court in a motion to dismiss").

Plaintiff refers to the contract between MLU and FEMA pursuant to the RFQs in the Complaint. Specifically, Plaintiff alleges that MLU presented claims to the FEMA disaster relief office in Orlando for "installation of manufactured housing" on November 17, 2004, November 8, 2004, December 9, 2004, February 5, 2005, February 17, 2005, March 22, 2005, and March 28, 2005. (Compl. ¶ 30). Moreover, the contract between MLU and FEMA is integral to the allegations contained in the Complaint against MLU that it provided "manufactured or mobile homes without a license." The October 31, 2004 contract between MLU and FEMA clearly reflects that MLU was to provide "travel trailers" in response to disaster operations. (Ex. A at p. 1). Travel trailers are distinguished in Florida law from "manufactured," "mobile" and "park homes," and are specifically defined in § 320.01, *Fla. Stat.*

Section 320.01(1)(b)1., *Fla. Stat.* defines travel trailers:

> The "travel trailer," which is a vehicular portable unit, mounted on wheels, of such a size or weight as not to require special highway movement permits when drawn by a motorized vehicle. It is primarily designed and constructed to provide temporary living quarters for recreational, camping, or travel use. It has a body width of no more than 8 1/2 feet and an overall body length of no more than 40 feet when factory-equipped for the road.

Park homes, mobile homes and manufactured homes are also defined in § 320.01(1)(b)7., 320.01(2)(a) & (b), respectively.  Section 320.8249, *Fla. Stat.* and Fla. Admin. Code § 15C-2.0073(1),  the alleged statutory violations, relate solely to mobile, manufactured and park homes, not travel trailers.  MLU never contracted with nor installed any "mobile, manufactured or park homes" for FEMA.  Moreover, there is no administrative code or statute requiring a license for the installation of "travel trailers," and Plaintiff does not allege that MLU installed "travel trailers" without a valid license.  As such, Plaintiff's Complaint does not state (and cannot state) a cause of action against MLU and should be dismissed, with prejudice.

### C. Alternatively, The Court Should Strike Paragraphs 14-26 Of The Complaint.

Fed. R. Civ. P. 12(f) provides that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Paragraphs 14-26 of the Complaint are immaterial and in no way relate to the allegations against MLU or to the claim brought against MLU.  These allegations deal with Chabot's attempts to unsuccessfully bid on the RFQs and the response that he received from people in no way associated with or related to MLU.  In fact, these paragraphs contain allegations against other companies, not against MLU, including D & G Discount Homes, LLC, Windstorm Mitigation, Inc., Florida Mobile Home Supply, and allegations against Florida's Bureau of Mobile Homes.  As such, these paragraphs should be stricken from the Complaint against MLU as immaterial.

**IV.   CONCLUSION**

For the foregoing reasons, MLU Services, Inc. respectfully requests that this action be dismissed, with prejudice, for failure to state a cause of action or, alternatively, that paragraphs 14-26 of the Complaint be stricken and for such other relief as the Court deems just and appropriate.

Respectfully submitted,

/s/ Charlotte D. Gage
JOHN S. VENTO
jsvento@trenam.com
Florida Bar No. 329381
CHARLOTTE D. GAGE
cgage@trenam.com
Florida Bar No. 0546836
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
Bank of America Plaza, Suite 2700
101 East Kennedy Boulevard (33602)
Post Office Box 1102
Tampa, Florida  33601
(813) 223-7474  /  (813) 229-6553 facsimile
Attorneys for Defendant, MLU Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MLU SERVICES, INC.' S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE AND MEMORANDUM OF LAW IN SUPPORT has been furnished via CM/ECF electronic system and/or U.S. Mail on December 21, 2007, to the following:

Jennifer Chorpening
Joyce R. Branda
Patricia R. Davis
U.S. Department of Justice – Civil Division
950 Pennsylvania Ave NW
Washington, DC  20530

Samuel D. Armstrong
U.S. Attorney's Office –FLM
Suite 300
501 W Church Street
Orlando, FL  32805

Paul M. Meredith
The Meredith Law Firm
5 Palm Row –Ste A
P.O. Box 38
St. Augustine, FL  32085-0038

By: /s/ Charlotte D. Gage
       Attorney