UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex rel. GREGORY CHABOT,
as *qui tam* Plaintiff,

      Plaintiffs,

vs.                                            CASE NO: 6:06-CV-1528-ORL-35-KRS

MLU SERVICES, INC.

_____/

## RELATOR'S TRIAL MEMORANDUM ON CONTRACT AMENDMENTS AS "CLAIMS" UNDER 31 U.S.C. §3729(c)

Under 31 U.S.C. §3729(c), a "claim" includes "any request or demand, whether under a contract or otherwise, for money or property." When deciding whether a statement is a claim or demand for payment, "a court should look to see if, within the payment scheme, the statement has the practical purpose and effect, and poses the attendant risk, of inducing wrongful payment." *United States v. Rivera*, 55 F.3d 703, 710 (1st Cir. 1995). "Claim" as used in the False Claims Act "should be construed broadly to reach 'all fraudulent attempts to cause the Government to pay out sums of money.'" *United States v. President and Fellows of Harvard College*, 323 F.Supp.2d 151, 178-79 (D.Mass. 2004), *quoting United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968).

The Amended Verified Complaint alleges as "claims" the dates on which FEMA obligated money from which to pay Defendant MLU Services, Inc., for services on the installation contract and the maintenance/deactivation contract. The fact that those obligations "are not invoices is immaterial." *United States ex rel. Schwedt v. Planning Research Corporation*, 59 F.3d 196, 199 (D.C. Cir. 1995) (holding that progress reports submitted by defendant qualified as FCA claims). Just as the progress reports in *Schwedt* "had the purpose of

'get[ting] ... [the] claim ... approved" and were therefore FCA claims even though they were not actual invoices, so too are the contracts and contract amendments in this case which obligated money to pay claims to MLU Services, Inc. *Id.*

The contracts and contract amendments in this case which obligated money for FEMA to pay claims to Defendant MLU Services, Inc., are FCA claims because they have "the practical purpose and effect ... of inducing wrongful payment." *Harvard College,* 323 F.Supp.2d at 178 (holding that "backward-looking accounting documents" which "detail the amount of federal funds that, during the previous period have been drawn on the organization's letter of credit and disbursed" were FCA claims even though they were not invoices). Because the "practical purpose" of the funding obligations contained in the contract and contract amendments in this case "within [FEMA's] payment scheme was to induce and assure future disbursements" to Defendant MLU Services, Inc., these funding obligations qualify as FCA claims. *Id.* at 179.

The funding obligations in this case also are similar to the Medicaid managed care enrollment forms held to constitute FCA claims in *United States ex rel. Tyson v. Amerigroup Illinois, Inc.,* 2006 WL 4586279, *5-6 (N.D. Ill. 2006). Even though these enrollment forms "do not request or demand immediate payment", the district court held that they "constitute claims under the FCA because they were submitted in order to receive payment for the individuals who were ultimately enrolled." *Id.* at *6. So too were the funding obligation documents in this case signed by Defendant in order for Defendant MLU Services, Inc., to receive payment for installation services and deactivation services which were ultimately unlawfully performed and invoiced as disclosed in the final pretrial statement.

Respectfully submitted on this **12th** day of April, 2010.

/s/ Kevin J. Darken
KEVIN J. DARKEN
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Trial Counsel for Plaintiff/Relator
Gregory Chabot


/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **12th** day of April, 2010, the foregoing was filed with the Clerk of this Court via CM/ECF, which will send an electronic notice of filing to the following:

Mark D. Kiser, Esquire
mkiser@trenam.com
John S. Vento, Esquire
jsvento@trenam.com
*Trenam Kemker*
POB 1102
Tampa, FL 33601
Telephone: (813) 223-7474
Facsimile: (813) 813-229-6553
Attorneys for MLU Services

Jennifer Chorpening, Esquire
Jennifer.chorpening@usdoj.gov
U.S. Department of Justice – Civil Division
P.O. Box 261Ben Franklin Station
Washington, D.C. 20444
Telephone: (202) 514-8112
Facsimile: (202) 514-0280

Phillip R. Lammens, Esquire
Philip.lammens@usdoj.gov
Office of U.S. Attorney
207 NW 2nd Street, Room 118
Ocala, FL 34475-6666
Telephone: (352) 629-0053
Facsimile: (352) 671-6743

/s/ Kevin J. Darken
KEVIN J. DARKEN
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Trial Counsel for Plaintiff/Relator
Gregory Chabot

/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot