IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

UNITED STATES OF AMERICA
and GREGORY CHABOT,

    Plaintiff,                                   Case No. 6:06-CV-1528-MSS-KRS

v.

MLU SERVICES, INC.,

    Defendant.
_____/

## DEFENDANT MLU SERVICES, INC.'S OPPOSED MOTION IN LIMINE

COMES NOW the Defendant, MLU Services, Inc. ("MLU"), by and through the undersigned counsel files this Motion in Limine requesting the Court to prevent the taking of testimony or the admission of documents in the trial of this matter with respect to certain categories of evidence.

## MEMORANDUM OF LAW

**I.   Chabot Is Precluded From Presenting Evidence Of Other Alleged Violations Of The False Claims Act Not Pleaded With Specificity In The Amended Verified Complaint**

Chabot alleges in his single count complaint against MLU that MLU "in submitting claims pursuant to the RFQ's for the installation of *manufactured homes*" (emphasis added) held itself out as a licensed mobile home installer and a licensed Division 1 contractor, without being duly licensed in violation of *Fla. Stat.* §320.8249 and §489.127. (Dkt. 35, ¶ 33 and 34). Chabot alleges specifically that MLU failed to obtain a Florida Mobile Home Installer's License or Division 1 contracting license as required by the RFQ and therefore was ineligible to enter a bid or submit claims for

payment for manufactured home installations. Accordingly, Chabot's only claim for relief is based exclusively on his contention that MLU was required to have either a Mobile Home Installer's License under §320.8249 or a Division 1 contracting license under §489.127 for the installation of manufactured homes. The time for amending pleadings was May 1, 2009 and thus Chabot may not amend to seek recovery for any other alleged violations of the False Claims Act or of the contract. The United States Court of Appeals for the 11th Circuit has held that allegations of violations of the False Claims Act must be pleaded with specificity, as required by *Fed. R. Civ. P. 9B. United States ex rel. Klauson v. Laboratory Corp.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

A. **Chabot is precluded from seeking recovery for a patronage scheme or price gouging.**

Although MLU has not received Chabot's exhibit list, witness list, proposed jury instructions or any other components of a joint pretrial statement, MLU believes that Chabot may seek relief based on allegations of price gouging or a purported "patronage scheme." In the Amended Complaint, Chabot makes a series of disjointed allegations that he claims amounts to a patronage scheme that prevented him from participating or obtaining a contract from FEMA. (Dkt. 35, ¶ 19-31). What Chabot fails to allege with respect to this patronage scheme though is that MLU had any participation whatsoever and/or awareness of this scheme. Chabot's allegations in the Amended Complaint with respect to this "patronage scheme" make no mention of any involvement by MLU or awareness by MLU that this scheme existed. Moreover, Chabot makes no allegations with respect to MLU submitting knowingly false claims for payment to the United States as part of this patronage scheme.

2

Chabot also briefly mentions in the Amended Complaint that MLU charged more than he would have charged for the same work, but neither these purported higher prices, nor the patronage scheme were ever alleged to be a violation of the False Claims Act or presented as the basis for a claim for relief. This passing mention of higher prices and the patronage scheme in which MLU is not even alleged to have participated in or been aware of did not arise to the level of specificity required by the False Claims Act in Fed. R. Civ. P. 9(b).

Accordingly, any evidence of a patronage scheme, higher prices, or price gouging, must be excluded, as this Court has similarly ruled in the companion cases of *Chabot v. RV Services* (Dkt. 74), *Chabot v. Nu-Way Concrete* (Dkt. 76) and *Chabot v. Wilson Transport Mobile Home Services, Inc.*, (Dkt. 83).

**B.     Chabot is precluded from alleging MLU did not have certain local or municipal licenses.**

While MLU does not have Chabot's witness or exhibit lists, MLU believes that Chabot may attempt to argue that MLU did not maintain or acquire certain local or municipal licenses that he claims may have been necessary to complete certain tasks under MLU's contract with FEMA. Chabot never mentioned this issue in any of his pleadings or raised it as a violation of the False Claims Act. The only issue which Chabot's pleadings raised with respect to a false claim was whether MLU was required to obtain a Mobile Home Installer's License or Division 1 contractor's license and whether failure to do so resulted in MLU knowingly presenting a false claim to the United States. Accordingly, Chabot should be precluded from alleging at trial that MLU failed to acquire certain local or municipal licenses, aside from a Mobile Home Installer's License

3

under Chapter 320 or Division 1 contractor's license under Chapter 489. This would include any licenses or permits required by any county in Florida or any argument that MLU's work did not conform to or comply with the Florida Building Code.

### C. Chabot is precluded from offering any evidence Related to MLU's installation of travel trailers.

In the specific allegations against MLU in the Amended Complaint, Chabot makes no allegations that MLU ever installed travel trailers for FEMA, rather, Chabot alleges only that MLU submitted claims for the installation of "manufactured homes" or "manufactured housing." Accordingly, the only work which Chabot alleges MLU performed as a basis for a false claim, was "manufactured home" installations.

The relevant portions of Chabot's Amended Complaint, which contain allegations against MLU, are the following:

> 33. During his investigation, Chabot discovered that Defendant MLU, in submitting claims pursuant to the RFQ's for the *installation of manufactured homes*, has held itself out as a licensed mobile home installer, impersonated a licensed mobile home installer, and engaged in the business by acting in the capacity of a licensed mobile home installer without being duly licensed in violation of *Fla. Stat.* §320.8249(70)(a),(b),(f) and Chapter 15C-1 of the Florida Bureau of Mobile Home regulations. If the nature of the contract and the work avoided the requirement of a mobile home license, then MLU had violated the similar provisions of *Fla. Stat.* §489.127 (1)(a-f) by acting as unlicensed Division 1 contractor.
>
> 34. During his investigation, Chabot discovered that Defendant MLU, in submitting claims pursuant to the RFQ's for the *installation of manufactured homes*, has also held itself out as a Division 1 Contractor, impersonated a licensed Division 1 contractor, and engaged in the business by acting in the capacity of a licensed Division 1 contractor without being duly licensed in violation of *Fla. Stat.* §489.127 (1)(a-f).
>
> 35. MLU was on notice of Florida laws and regulations prohibiting unlicensed installation and construction activity and that such

unlicensed conduct was in direct violation of the express terms of the RFQ that prohibited MLU from tendering for acceptance items that did not confirm to the requirements of the contract. Specifically, MLU failed to obtain a Florida installation license or Division 1 contracting license as required by the RFQ and therefore was ineligible to enter a bid for ***installation of manufactured homes*** or Division 1 contracting or submit claims for payment for the installation and construction activities.

36.   Based on the RFQ for DR 1539 and DR 1545, MLU, with the knowledge of their falsity or the reckless disregard of the truth of their falsity, did make, use or cause to be used, false certifications claiming that it was duly licensed to install ***manufactured housing*** and therefore eligible to present claims to the FEMA disaster relief office in Orlando for such installation and construction activities at excessive prices on 11/17/2004 for $1,000,000; on 11/08/2004 for $1,000,000; on 12/09/2004 for $2,000,000; on 02/05.2005 for $2,000,000; on 02/17/2005 for $250,000; on 3/22/2005 for $750,000; and on 03/28/2005 for $500,000 for a total of $7,500,000, after adjustments $6,919.211.00, received in violation of 31 U.S.C. §3729(1), (2).

(Dkt. 35, emphasis added).

As shown above, in paragraphs 33 and 34, Chabot only alleges that MLU submitted claims for the installation of "manufactured homes." Nowhere in his Amended Complaint does Chabot allege that MLU submitted claims for the installation of travel trailers. As the Court is aware and as more fully set forth in MLU's Motion for Summary Judgment (Dkt. 44), "manufactured home" is a defined term under *Fla. Stat.* §320.01(2)(b). The term "manufactured home" under Chapter 320 simply means a mobile home fabricated on or after June 15, 1976. A "travel trailer" is also separately defined under *Fla. Stat.* §320.01(1)(b)(1) and is not synonymous with a mobile or manufactured home. Moreover, the Amended Complaint also recognizes the difference between the terms "mobile home," "manufactured home," and "travel trailer" as Chabot uses these terms in other portions of the Amended Complaint. (Dkt. 35, paragraphs 11

5

and 12). Accordingly, as Chabot alleges that MLU submitted false claims related only to the installation of manufactured homes, Chabot should be precluded from presenting evidence or seeking relief for any alleged false claim based on the installation of something other than a "manufactured home," such as a travel trailer.

> **D.   Chabot is precluded from presenting evidence or arguing that travel trailer installations required a Florida Mobile Home Installer's License.**

In the event the Court allows evidence of travel trailer installations as part of Chabot's FCA claims, Chabot should not be entitled to present evidence or argue that travel trailer installations required a contractor to have a Florida Mobile Home Installer's License under Chapter 320. For the reasons more fully set forth in MLU's Motion for Summary Judgment, it is undisputed that *Fla. Stat.* §320 does not require a Mobile Home Installer's License for the installation and set up of a travel trailer. This interpretation of Chapter 320 was also confirmed by the testimony of Phil Bergelt in the Nu-Way case. It also appears that Chabot agrees with this interpretation of Florida law as in paragraph 11 of the Amended Complaint, Chabot states that if FEMA agreed to terminate a portion of the contract involving mobile homes and park trailers then the contractor could restrict its performance to only the semi-permanent installation of travel trailers and purportedly be in compliance with *Fla. Stat.* §320. MLU seeks a ruling, in accordance with this Court's ruling in the *Nu-Way*, *Wilson Transport*, and *Peredes* cases that a contractor does not need a Florida Mobile Home Installer's License to install travel trailers and thus Chabot cannot submit evidence or argument of a false claim based upon MLU installing travel trailers without a Mobile Home license.

II.   **Chabot Should Be Precluded From Presenting Witnesses Or Exhibits That Were Not Disclosed To MLU Prior To The Close Of Discovery.**

Although MLU still does not have Chabot's witness or exhibit list, MLU believes that Chabot may attempt to introduce or list witnesses or exhibits not disclosed to MLU prior to the close of discovery. MLU requests that Chabot be prevented from presenting witnesses or exhibits at trial which were not disclosed to MLU prior to the close of discovery, which was August 1, 2009.

This request includes, but is not limited to, Chabot offering any witness or exhibit disclosed as part of his Fifth Supplemental Rule 26 Disclosures served on October 8, 2009. (A true and correct copy of these Disclosures is attached as Exhibit A). In these Fifth Supplemental Disclosures, Chabot lists the corporate representatives of 29 different county building departments in various counties located throughout Florida as "supplemental witnesses." He also lists photographs of a "DBPR billboard" and 15 letters from the Bureau of Mobile Homes to individuals engaged in unlicensed contracting. This Fifth Supplemental Disclosure came after the close of discovery on August 1, 2009 and thus was untimely. Additionally, this disclosure was made during the time when this case was stayed and thus MLU was not permitted to conduct any additional discovery on any of these late disclosed supplemental witnesses.

The original discovery cutoff in this case was July 1, 2009, but the Court granted a thirty day extension to August 1, 2009. (Dkt. 38). The parties' subsequent request for an extension of the August 1, 2009 discovery deadline (Dkt. 42) was granted in part and denied in part, in that the Court granted a limited extension of the discovery deadline until October 1, 2009 for the sole purpose of taking the six additional depositions

requested by the parties. (Dkt. 43). As the Court is aware, on September 15, 2009, this case was stayed due to Chabot's counsel's medical condition. Subsequent to the lifting of the stay, the Court permitted the parties an additional sixteen days until March 1, 2010, to complete the five previously set depositions. (Dkt. 74). The Court specifically found that the parties could take no additional depositions other than those discussed in their Joint Motion (Dkt. 42) and granted in the August 6, 2009 Order (Dkt. 43). (Dkt. 74). Thus, this limited sixteen day extension was not an extension for written discovery, or new depositions not contemplated in the August, 2009 Joint Motion, but rather only the previously requested depositions.

Accordingly, as the discovery deadline was extended past August 1, 2009 to accommodate only the six depositions sought by the parties in August, 2009, the Fifth Supplemental Disclosures served on October 8, 2009 were untimely and disclosed after the close of discovery. After receiving these Fifth Supplemental Disclosures, MLU could not have conducted any additional discovery with respect to these individuals because the case was stayed during this time and discovery was closed except for the depositions sought by the parties in their joint motion (Dkt. 42). Chabot should not receive an advantage from the almost five (5) month delay in this case resulting from the medical condition of Chabot's counsel, Mr. Meredith. Chabot can show no substantial justification for the lateness of its Fifth Supplemental Rule 26 Disclosures and accordingly, Chabot should be not allowed to use any witness or exhibit listed in the Fifth Supplemental Disclosure, pursuant to *Fed. R. Civ.* 37(c)(1).

**III.   Chabot Should Be Precluded From Offering Evidence Of Any "No-Bid" Contract He Allegedly Received From FEMA**

Chabot claims that during his initial investigation into the purported "patronage scheme" he was offered a $6 million "no-bid" contract by either FEMA or the Florida Bureau of Mobile Homes. This claim is in no way connected to MLU and is simply not relevant to Chabot's false claims allegations at issue in the case. Moreover, this evidence would be substantially prejudicial to MLU in front of the jury and should be excluded under Fed. R. Evid. 403. MLU respectfully requests the Court preclude Chabot from offering any evidence related to any contract offered to him for the FEMA installations on the grounds that it is irrelevant and unduly prejudicial.

## CONCLUSION

For the foregoing reasons, MLU respectfully requests the Court enter an order precluding Chabot from offering any witness or exhibit related to the above categories of evidence.

### 3.01(g) Certification

The undersigned has conferred with Relator's counsel, Kevin Darken, who has indicated that he opposes the relief requested herein.

Submitted this 12th day of April, 2010.

/s/ Mark D. Kiser
JOHN S. VENTO
jsvento@trenam.com
Florida Bar No. 329381
MARK D. KISER
mkiser@trenam.com
Florida Bar No. 0420409
TRENAM, KEMKER
101 East Kennedy Boulevard, Ste 2700
Tampa, Florida 33602
(813) 223-7474 / (813) 229-6553 facsimile
Attorneys for Defendant, MLU Services, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2010, the foregoing was filed with the Clerk of this Court by CM/ECF, which will send an electronic notice of filing to the following:

Jennifer Chorpening
U.S. Department of Justice – Civil Division
PO Box 261
Washington, DC 20444

Phillip R. Lammens, Esq.
Office of US Attorney
207 NW 2nd Street, Room 118
Ocala, FL 34475-6666

Paul M. Meredith
The Meredith Law Firm
5 Palm Row –Ste A, P.O. Box 38
St. Augustine, FL 32085-0038

By: /s/ Mark D. Kiser
       Attorney

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA, ex rel.
GREGORY CHABOT, as *qui tam* Plaintiff,

        Plaintiffs,
vs.                                           CASE NO: 6:06-CV-1528-35KRS

MLU SERVICES, INC., a Georgia Corporation,

        Defendant.
_____/

## PLAINTIFF CHABOT'S FIFTH SUPPLEMENTAL DISCLOSURES UNDER FED.R.CIV.P. 26

Plaintiff, Gregory Chabot, by and through his undersigned counsel and pursuant to Fed.R.Civ.P. Rule 26, hereby supplements his initial disclosures as follows:

Supplemental Witnesses:

1. Corporate Representative
   St. Lucie County Building Department
   121 SW Port St. Lucie Boulevard
   Port St. Lucie, FL 34982
   Tel: (772) 462-1553

   This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

2. Corporate Representative
   Brevard County Building Department
   2725 Judge Fran Jamieson Way
   Viera, FL 32940
   Tel: (321) 633-2072

   This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

3.    Corporate Representative
Indian River Building Department
Building Division
1801 27th Street,
Vero Beach 32960 - Building "A"
Tel: (772) 226-1260

    This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

4.    Corporate Representative
Polk County Building Department
330 West Church Street
Bartow, FL 33830
Tel: (863) 534-6080

    This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

5.    Corporate Representative
Charlotte County Building Department
Charlotte County Administrative Complex
18400 Murdock Circle
Port Charlotte, FL 33948
Tel: (941) 743-1201

    This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

6.    Corporate Representative
Martin County Building Department
900 SE Ruhnke Street
Stuart, FL 34994
Tel: (772) 320-3070

    This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

7. Corporate Representative
   Hardee County Building Department
   401 W Main St
   Wauchula, FL 33873
   Tel: (863) 773-3236

   This witness has knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

8. Corporate Representative
   Lee County Building Department
   1500 Monroe Street
   Fort Myers, FL 33901
   Tel: (239) 533-8320

   This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

9. Corporate Representative
   DeSoto County Building Department
   201 East Oak Street   Suite 204
   Arcadia, Florida 34266-4451
   Tel: (863) 993-4811

   This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

10. Corporate Representative
    Pasco County Building Department
    7530 Little Road, Suite 118
    New Port Richey, FL 34654
    Tel: (727) 847-8126

    This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

11. Corporate Representative

    Osceola County Building Department
    1 Courthouse Square, Suite 1400
    Kissimmee FL, 34741
    Tel: (407) 742-0200

  This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

12.  Corporate Representative
    Flagler County Building Department
    1769 East Moody Blvd., Suite 106
    Bunnell, FL  32110
    Tel: (386) 313-4002

  This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

13.  Corporate Representative
    Volusia County Building Department
    250 N Beach St Room 104
    Daytona Beach, FL
    Tel: (386) 254-4680

  This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

14.  Corporate Representative
    Palm Beach County Building Department
    2300 N Jog Road
    West Palm Beach, FL 33411-2741
    Tel: (561) 233-5000

  This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

15.  Corporate Representative
    Highlands County Building Department
    600 S. Commerce Avenue

Sebring, FL 33870
Tel: (863) 402-6643

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

16. Corporate Representative
Okeechobee County Building Department
499 NW 5th Avenue
Okeechobee, FL 34972
Tel: (863) 763-5548

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

17. Corporate Representative
Glades County Building Department
250 N. 6th Street, SW
Moore Haven, FL 33471
Tel: (863) 946-0533

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

18. Corporate Representative
Lake County Building Department
315 W. Main Street
Tavares, FL 32778
(352) 343-9647

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

19. Corporate Representative
Putnam County Building Department
2509 Crill Avenue, Suite 300
Palatka, FL 32177
Tel: (386) 329-0307

20. Corporate Representative
Hillsborough County Building Department
2701 E. Hillsborough Avenue, Suite 1140
Tampa, FL 33610
Tel: (813) 635-7300

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

21. Corporate Representative
Santa Rosa County Building Department
6051 Old Bagdad Hwy, Room 202
Milton, FL 32583
Tel: 850-981-7000

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

22. Corporate Representative
Escambia County Building Department
3300 N. Pace Blvd., Ste 300
Pensacola, Florida 32505
Tel: (850) 595-3550

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

23. Corporate Representative
Okaloosa County Building Department
1804 Lewis Turner Boulevard
Ft. Walton Beach, FL
Tel: (850) 651-7180

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

24. Corporate Representative

       Walton County Building Department
       47 N. 6th Street
       DeFuniak Springs, FL 32433
       Phone: (850) 892-8160

       This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

25.     Corporate Representative
       Levy County Building Department
       622 E. Hathaway Ave.
       Bronson, FL 32621
       Tel: (352) 486-5198

       This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

26.     Corporate Representative
       Marion County Building Department
       2710 East Silver Springs Boulevard
       Ocala, FL 34470
       (352)438-2400

       This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

27.     Corporate Representative
       Jackson County Building Department
       4487 Lafayette Street
       Marianna, FL 32448
       Phone: (850) 482-9805

       This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

28.     Corporate Representative
       Bay County Building Department
       840 W. 11th Street

Panama City, FL 32401
Tel: (850) 248-8250

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

29. Corporate Representative
Dixie County Building Department
405 SE 22nd Avenue
Cross City, FL 32628
Tel: (352) 498-1236

This witness is expected to have knowledge of the local ordinances and codes pertaining to licensing and permitting of mobile home, travel trailer and park trailer installations as well as the various code requirements for licensed activities including step and ramp building, electrical, plumbing and HVAC.

Supplemental Exhibits:

1. Photograph of DBPR Billboard warning against unlicensed contracting posted from September 2004 through May 2005.

2. 15 Letters from Bureau of Mobile Homes to individuals engaged in unlicensed contracting.

Plaintiff further adopts and incorporates herein all witnesses and exhibits listed in Defendants Initial Rule 26(a)(1) disclosures and any subsequent supplemental disclosures.

Dated this 8th day of October, 2009.

    THE MEREDITH LAW FIRM

    /s/ Paul M. Meredith
    PAUL M. MEREDITH
    Florida Bar No. 0745741
    P.O. Box 38
    St. Augustine, FL 32085
    Telephone: (904) 825-1942
    Facsimile: (904) 825-1912
    meredithlawfirm@bellsouth.net

Trial Counsel for Plaintiff/Relator Chabot

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October, 2009, the foregoing was furnished to the following by U.S. Mail:

Mark D. Kiser, Esquire
P.O. Box 1102
Tampa, FL 33601-1102

Phillip R. Lammens, Esquire
Office of U.S. Attorney
207 NW 2nd Street, Room 118
Ocala, FL 34475-6666

Jennifer Chorpening, Esquire
U.S. Department of Justice – Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20444

/s/ Paul M. Meredith
PAUL M. MEREDITH