UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex rel. GREGORY CHABOT,
as *qui tam* Plaintiff,

      Plaintiffs,
vs.

CASE NO: 6:06-CV-1528-ORL-35-KRS

MLU SERVICES, INC.

                                         /

## RELATOR'S RESPONSE TO DEFENDANT MLU SERVICES, INC.'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

Relator Gregory Chabot, by and through undersigned counsel, opposes MLU's Motion for Attorneys' Fees and Expenses because (1) it is untimely under both Local Rule 4.18(a) and Fed.R.Civ.P. 54(d)(2)(B)(i); (2) because MLU failed to comply with the 21 day safe harbor provisions of Fed.R.Civ.P. 11(c)(2); and (3) because Relator's case was neither frivolous under Rule 11 nor clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment under 31 U.S.C. § 3730(d)(4).

    I.    **MLU'S Motion Must Be Denied Because It Is Untimely Under Both Local Rule 4.18(a) amdFed.R.Civ.P. 54(d)(2)(B)(i).**

MLU filed its motion on May 11, 2010, 20 days after the entry of judgment on April 21. However, Local Rule 4.18(a) requires that "all claims ... for attorney's fees ... shall be asserted by separate motion or petition *filed not later than fourteen (14) days following the entry of judgment*." (emphasis added) MLU's motion is therefore six days too late and must be denied.

As its plain language indicates, Local Rule 4.18(a) governs "all claims ... for attorney's fees", including claims brought under Rule 11 as well as those brought under the False Claims Act. *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992) (applying district court's local rules

governing timeliness of post-judgment motions for attorneys fees where the Rule 11 sanction request sought attorneys fees); *Hamil v. Mobex Managed Services Co.*, 208 F.R.D. 247, 251 (N.D. Ind. 2002) (Rule 11 motion denied as untimely when filed after 14 day deadline under local rules for filing "a request ... for assessment of attorney fees"); *Smith v. CB Commercial Real Estate Group, Inc.*, 947 F.Supp. 1282, 1284 (S.D. Ind. 1996) (Rule 11 motion denied as untimely when filed after 30 day deadline under local rules for filing attorney fees request).

The United States Supreme Court has stated that "[d]istrict courts may, of course, 'adopt local rules establishing timeliness standards,' *White v. New Hampshire Department of Employment Security*, 455 U.S. at 454, 102 S.Ct. at 1168, for filing and deciding Rule 11 motions." *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 398 (1990). Moreover, the Eleventh Circuit has approved Middle District Local Rule 4.18(a)'s 14-day filing deadline. *Grayden v. City of Orlando*, 171 Fed.Appx. 284, 286 (11th Cir. 2006) (unpublished) (per curiam).

Since the False Claims Act contains no deadline for filing attorneys fee motion under 31 U.S.C. § 3730(d)(4), the timeliness of such motions is governed by both Fed.R.Civ.P. 54(d)(2)(B)(i) and Local Rule 4.18(a). Like Local Rule 4.18(a), Rule 54(d)(2)(B)(i) requires that "[u]nless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment."

As Magistrate Judge Kelly has noted, "[t]he Courts in Middle District of Florida enforce Local Rule 4.18(a)." *Sanders v. Drainfield Doctor, Inc.*, 2009 WL 667158, *4 (M.D. Fla. 2009) (denying attorney fee motion filed 17 days after entry of judgment), citing *Porcelli v. Onebeacon Insurance Co.*, 2006 WL 3333599, *2-3 (M.D. Fla. 2006) (Covington, J.) (denying attorney fee motion filed 27 days after entry of judgment) *and Blanton v. University of Florida*, 2008 WL

2

928114, *2 (M.D. Fla. 2008) (Howard, J.) (denying attorney fee motion filed 21 days after entry of judgment). *See also Palmyra Park Hospital, Inc. v. Phoebe Putney Memorial Hospital, Inc.*, 2010 WL 710607, *5 (M.D. Ga. 2010) (denying attorney fee motion "which was filed one (1) day after expiration of the 14-day deadline provided under Rule 54(d)(2)(B)(i)").

MLU cannot establish that its motion was timely filed under Local Rule 4.18(a) and Rule 54(d)(2)(B)(i) by relying on the three additional days added on under the "mailbox rule" of Fed.R.Civ.P. 6(d). In the first place, MLU filed its motion 20 days after the entry of judgment, so its motion would be untimely even if three additional days were added under Rule 6(d). Furthermore, Rule 6(d) does not apply here because" [t]he entry of judgment in this case is not the type of paper whose service is specifically required under Rule 5(a)(1)." *Sanders*, 2009 WL 667158, *4. As Judge Kelly reasoned and Judge Antoon agreed, Rule 6(d) does not apply to this situation because "[t]he plain language of Rule 5(a)(1) does not require service of judgments." *Id.*

Judge Sands of the Middle District of Georgia made the same point in detail in *Palmyra Park Hospital*, 2010 WL 710607, *2-3:

> When a party may or must act within a specified time after *service* and *service* is made under Rule 5(b)(2)(E) (sending by electronic means) ], 3 days are added after the period would otherwise expire under Rule 6(a)." Fed.R.Civ. 6(D) (2008) (emphasis added); *see* Fed.R.Civ.P. 5(b)(2)(E) (2008). Rule 6(d)'s definition of "service" is limited to those papers described in Rule 5(a)(1), which provides:
>
>> Unless these rules provide otherwise, each of the following papers must be served on every party:
>>
>> (A) an order stating that service is required;
>>
>> (B) a pleading filed under the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

3

    (C) a discovery paper required to be served on a party, unless the court orders otherwise;

    (D) a written motion, except one that may be heard ex parte; and

    (E) a written notice, appearance, demand, or offer of judgment, or any similar paper.

Fed.R.Civ.P. 5(a)(1) (2008).

Because the Court's entry of Judgment was not a paper encompassed by Rule 5(a)(1), it need not be served on every party. Thus lacking a service requirement, Rule 6(d) cannot be made applicable to this Court's entry of Judgment; Rule 6(d) only applies when "service is made under Rule 5(b)(2)(C), (D), (E), or (F)." Fed.R.Civ.P. 6(d) (2008); *see* Fed.R.Civ.P. 5(b)(2) (2008) (governing when "[a] paper is served under [Rule 5]"). This plain reading of the Rules shows that Rule 6(d) is not applicable to Defendants' Motion for Attorneys' Fees, because that motion was due within 14 days of entry of Judgment and not service of a paper described in Rule 5(a)(1). *Accord* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 (3d ed. 2002) ("It is important to understand that the three days will be added under Rule 6(e) only when the period in question is measured from the service of a notice or other paper; the subdivision in inapplicable when some other act or event commences the time period, such as the entry of a judgment, the filing of a notice of appeal, or a motion to remand or remove an action.").

    Judge Sands also noted that the Eleventh Circuit in an unpublished opinion held that Rule 6(d) "was inapplicable where the motion for fees and costs 'must be filed and served no later than fourteen days after *entry of judgment.*" *Staib v. Preprint Publishing Co.*, 220 F.3d 589, Table (11th Cir. 2000) (unpublished*), available at Miller v. Ford Moter Co.*, 2004 U.S. Dist. LEXIS 26543, at *5-18 (M.D. Fla. Dec. 17, 2004) (*attaching Staib opinion to district court's order*). In *Staib,* the Eleventh Circuit held that both the plain language of Rule 6(d) and prior circuit caselaw established that Rule 6(d) "does not apply to time periods that are triggered by the entry of a judgment or an order." *Id.* at *13.

Excusable neglect cannot protect MLU from its failure to timely file its motion. Middle District of Florida courts have routinely refused to find excusable neglect when attorney fee motions are filed untimely under Local Rule 4.18(a). *Environmental Biotech, Inc. v. Sibbit Enterprises*, 2009 WL 1653563, *3 (M.D. Fla. 2009) (Covington, J./Chappell, MJ); *Blanton v. University of Florida*, 2008 WL 928114, *2 (M.D. Fla. 2008) (Howard, J./Chappell, MJ); *Porcelli v. Onebeacon Insurance Co.*, 2006 WL 3333599, *3 (M.D. Fla. 2006) (Covington, J./Frazier, MJ). In addition, the Eleventh Circuit has held that excusable neglect "cannot apply where a party mistakenly believes that Rule 6(d) would have applied to render their late filing timely." *Staib* at *14-15.

Excusable neglect cannot protect MLU for multiple reasons. First, in its motion MLU "presents no rationale as to why the Motion is untimely filed and supplies no information as to what could be regarded as excusable neglect." *Id., Blanton*, 2008 WL 928114 at *2. Second, Relator "would be prejudiced if the Court allowed the late filings in that [he] would have to defend paying costs and fees even though the requests were filed in violation of the Federal and Local Rules." *Environmental Biotech, supra; Blanton, supra*. Third, MLU "is represented by competent counsel and, therefore, was aware or should have been aware of the rule's fourteen (14) day expiration deadline." *Environmental Biotech*, 2009 WL 1653563 at *3.

**II.     MLU's Motion for Rule 11 Sanctions Must Be Denied Because MLU Failed to Comply with the 21 Day Safe Harbor Provisions of Fed.R.Civ.P. 11(c)(2)**

Rule 11(c)(2) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected with 21 days after service ...." The Advisory

5

Committee Notes to Rule 11 point out that "[g]iven the 'safe harbor' provisions ... a party cannot delay serving its Rule 11 motion until conclusion of the case ...."

But that is exactly what MLU did here. MLU delayed filing this motion until the conclusion of the case, after having completely failed to comply with Rule 11's safe harbor provision.

MLU's failure to comply with Rule 11's safe harbor provisions requires that its motion for Rule 11 sanctions be denied. *United States ex rel. Price v. McFarland*, 2004 WL 3171649, *15 (D. Kan. 2004) (denying motion for Rule 11 sanctions because "[t]he Rule 11 request does not follow the procedural requirements of the rule regarding advance notice to plaintiffs"); *Hamil v. Mobex Managed Services Co.*, 208 F.R.D. 247, 250 (N.D. Ind. 2002) ("[Defendant MMSC] did not serve the [Rule 11 sanctions] motion on Plaintiffs before the Court had rendered its final judgment, and Plaintiffs were unable to take any action to withdraw or correct the problematic affidavits. As a result, MMSC failed to comply with the Rule 11 safe harbor provision and the motion for sanctions will be denied"); *Smith v. CB Commercial Real Estate Group, Inc.*, 947 F.Supp. 1282, 1285 (S.D. Ind. 1996) (denying Rule 11 sanctions motion filed after the district court had granted defendant's motion for summary judgment because "[t]his delay prevented Plaintiff from taking advantage of a safe-harbor provision of Rule 11 ....").

### III. MLU's Motion for Attorneys' Fees and Expenses Must Be Denied Because Relator's Case Was Neither Frivolous Under Rule 11 Nor Clearly Frivolous, Clearly Vexatious, or Brought Primarily for Purposes of Harassment Under 31 U.S.C. § 3730(d)(4)

The False Claims Act, 31 U.S.C. § 3730(d)(4), provides that a prevailing defendant may be awarded its reasonable attorney fees and expenses only if the Court finds that the Relator's

6

claim "was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

This is "a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."[1] *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1059 (10th Cir. 2004). For that reason, "[t]he award of fees under the False Claims Act [against a losing relator] is reserved for rare and special circumstances." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008); *United States v. Old Baldy Council of Boy Scouts of America*, 2007 WL 1119335, **1 (9th Cir. 2007); *Pfingston v. Ronon Engineering Co.*, 284 F.3d 999, 1006-07 (9th Cir. 2002); *United States ex rel. Haight v. Catholic Healthcare West*, 2008 WL 6017150, *1 (D. Ariz. 2008). MLU cannot meet its burden of proving entitlement to attorneys fees if, as here, the Relator "could reasonably believe his claim against [Defendant] had a scintilla of merit throughout the litigation ...." *Grynberg*, 389 F.3d at 1059.

In determining whether a case is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981), *quoted in Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985). Put another way, a relator's claim *is* frivolous only "if it is utterly lacking in legal merit and evidentiary support", *United States ex rel. J. Cooper & Associates, Inc. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225, 238 (D.D.C. 2006), and *is **not*** frivolous if the

---

[1] Attorney fee awards have been denied to prevailing defendants in many recent False Claims Act cases. *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008); *United States v. Old Baldy Council of Boy Scouts of America*, 2007 WL 1119335, *1 (9th Cir. 2007); *United States ex rel. Montgomery v. St. Edward Mercy Medical Center*, 2008 WL 110858, *5-6 (E.D. Ark. 2008); *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 528 F.Supp.2d 533, 545-46 (E.D. Pa. 2007); *United States ex rel. Lee v. Fairview Health System*, 2004 WL 1638252, *5-6 (D. Minn. 2004); *United States ex rel. Cooper v. Gentiva Health Services, Inc.*, 2003 WL 2295067, *20 (W.D. Pa. 2003).

relator produces "some evidence" to support it. *United States ex rel. Mikes v. Straus,* 98 F.Supp.2d 517, 526-27 (S.D.N.Y. 2000). The United States Supreme Court has cautioned that when making this assessment, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421-22 (1978).

A relator is not liable for a defendant's attorney's fees merely because the relator's claim does not survive summary judgment. *O'Neal v. DeKalb County, Georgia,* 850 F.2d 653, 658 (11th Cir. 1988) ("Simply because the district court granted the defendants' motion for summary judgment does not mean the plaintiffs' action was frivolous"); *Bruce v. City of Gainesville, Georgia,* 177 F.3d 949, 952 (11th Cir. 1999); *Riddle v. Egensperger,* 266 F.3d 542, 551 (6th Cir. 2000). Here, however, Relator's claim survived summary judgment. By definition, a claim that the Court allows to go to the trial cannot be frivolous. Similarly, Relator's claim was not "bereft of any objective factual support" because the Court allowed it to go to trial. Accordingly, it cannot be characterized as objectively vexatious. *Mikes v. Strauss,* 274 F.3d 687, 705 (2nd Cir. 2001).

For prevailing defendants to recover attorneys fees from relators under Section 3730(d)(4)'s harassment prong, "not only must evidence exist that plaintiffs were motivated by an improper purpose, but also that their claims were brought 'primarily' for that purpose", as opposed to such other purposes as stopping illegal contracting in violation of Florida law or "asserting their non-frivolous claims that, if successful, could have earned them a sizeable

8

award." *United States ex rel. Haight v. Catholic Healthcare West*, 2008 WL 607150, *2 (D. Ariz. 2008). MLU however, has produced no "evidence" that Relator's claim was motivated by any improper purpose, let alone "evidence" that Relator's claim was brought "primarily" for an improper purpose.

MLU's argument that Relator's claim was frivolous because FEMA knew MLU lacked a Chapter 320 Florida mobile home installer's license fails (1) because FEMA contracting officer Bryan McCreary testified repeatedly that compliance with Florida law was a condition of payment (McCreary 9/11/09 deposition at 56:22-25, 57:1-3, 81:4-17, 105:17-25, 106:1-6, 160:9-23) and (2) because the central issues in this case were questions of Florida licensing law, not questions about FEMA's knowledge (right or wrong) of Florida licensing law. Indeed, McCreary testified repeatedly that it was the contractor's obligation to make sure it was complying with Florida law, not FEMA's obligation. (McCreary 9/11/09 deposition at 44:2-6, 48:8-16, 60:7-25, 78:18-22).

MLU's argument that Relator's Chapter 320 and Chapter 489 claims are frivolous is barred by the Court's order denying MLU's summary judgment motion. MLU made these identical arguments in its summary judgment motion and the Court rejected them. How can claims that the Court found sufficient to get to trial now be deemed clearly frivolous or clearly vexatious?[2]

MLU's reliance on *United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of Louisiana*, 1996 WL 339993 (E.D. La. 1996) as support for its argument that the Court could award partial attorneys fees for MLU's defense of the Chapter 320 claim is

---

[2] Significantly, neither of the two cases relied on by MLU were tried. In *United States ex rel. J. Cooper & Associates, Inc. v. Bernard Hodes Group, Inc.*, 422 F.Supp.2d 225, 230 (D.D.C. 2006), the court dismissed the relator's complaint for lack of subject matter jurisdiction under the False Claims Act's public disclosure bar. In *United States ex rel. Minna Ree Winer Children's Class Trust v. Regions Bank of Louisiana*, 1996 WL 339993, *1 (E.D.La. 1996), the court granted defendants' motions for summary judgment.

misplaced. In *Minna Ree Winer*, the district court was able to easily segregate fees concerning a subject matter jurisdiction issue from the rest of the fees. In this case, however, the Court permitted both the Chapter 320 claim and the Chapter 489 claim to go to trial and both claims were tried together. There is simply no practical way to segregate out fees for the defense of the Chapter 320 claim as MLU seeks.

MLU's Rule 11 argument is also meritless. Under Rule 11, "the district court must focus on what was reasonable for an attorney to believe at the time the pleadings were filed, not on what the court later finds to be the case." *Threaf Properties, Ltd. v. Title Insurance Company of Minnesota,* 875 F.2d 831, 835 (11th Cir. 1989). "Rule 11 sanctions were not proper" where, as here, the Court denied defendant's motion for summary judgment. *Souran v. Travelers Insurance Co.,* 982 F.2d 1497, 1508 (11th Cir. 1993) (district court's ruling denying defendant's summary judgment motion "suggest that [attorney's] belief in the factual and legal sufficiency of the complaint was initially well founded").

The Court also should decline to exercise its discretion to award attorneys fees in this case because to do so "would dissuade the type of litigation that Congress has deemed beneficial", *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.,* 528 F.Supp.2d 533, 545-46 (E.D. Pa. 2007), and "might have a chilling effect on the willingness of other [relators] to come forward." *United States ex rel. Montgomery v. St. Edward Mercy Medical Center,* 2008 Wl 110858, *6 (E.D. Ark. 2008).

For the reasons stated above, MLU is not entitled to attorneys fees. Should, however, the Court rule otherwise, Defendant's Motion should still be denied because defense counsel has failed to meet his burden of itemizing the hours expended so that the Court can determine what work was reasonable.

## IV. Conclusion

MLU's Motion for Attorneys' Fees and Expenses should be denied because (1) it is untimely under both Local Rule 4.18(a) and Fed.R.Civ.P. 54(d)(2)(B)(i); (2) because MLU failed to comply with the 21 day safe harbor provisions of Fed.R.Civ.P. 11(c)(2); and (3) because Relator's case was neither frivolous under Rule 11 nor clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment under 31 U.S.C. § 3730(d)(4).

Respectfully submitted,

/s/ Kevin J. Darken
KEVIN J. DARKEN
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Facsimile: (813) 225-1921
Trial Counsel for Plaintiff/Relator
Gregory Chabot

/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **20th** day of **May**, 2010, the foregoing was filed with the Clerk of this Court via CM/ECF, which will send an electronic notice of filing to the following:

Mark D. Kiser, Esquire
mkiser@trenam.com
John S. Vento, Esquire
jsvento@trenam.com
*Trenam Kemker*
POB 1102
Tampa, FL 33601
Telephone: (813) 223-7474
Facsimile: (813) 813-229-6553
Attorneys for MLU Services

Jennifer Chorpening, Esquire
Jennifer.chorpening@usdoj.gov
U.S. Department of Justice – Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20444
Telephone: (202) 514-8112
Facsimile: (202) 514-0280

Phillip R. Lammens, Esquire
Philip.lammens@usdoj.gov
Office of U.S. Attorney
35 SE 1st Ave., Suite 300
Ocala, FL 34471
Telephone: (352) 547-3606
Facsimile: (352) 547-3623

/s/ Kevin J. Darken
Florida Bar No.: 0090956
kdarken@tampalawfirm.com
BRUCE M. KLEINBERG
Florida Bar No.: 780170
bkleinberg@tampalawfirm.com
*COHEN, FOSTER & ROMINE, P.A.*
201 E. Kennedy Blvd., Suite 1000
Tampa, FL 33602
Telephone: (813) 225-1655
Facsimile: (813) 225-1921
Trial Counsel for Plaintiff/Relator
Gregory Chabot

/s/ Paul M. Meredith
PAUL MICHAEL MEREDITH
Florida Bar No. 0745741
meredithlawfirm@bellsouth.net
THE MEREDITH LAW FIRM
P.O. Box 38
St. Augustine, FL 32085-0038
Telephone: (904) 825-1942
Facsimile: (904) 825-1912
Counsel for Plaintiff/Relator
Gregory Chabot